PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2001 Ford F-150 pickup truck struck a piece of concrete while he was traveling westbound on the Interstate 64 bridge, near Milton, Cabell County. 1-64 at the interstate bridge is an interstate highway maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more folly set forth below.
The incident giving rise to this claim occurred on December 29, 2007, at approximately 9:45 a.m. The speed limit on 1-64 at the interstate bridge is sixty-five miles per hour. On the morning in question, Claimant was traveling on Interstate 64 at approximately seventy miles per hour when he came upon a piece of concrete the size of a halved basketball laying in the left lane of the roadway in which he was traveling. Although Claimant tried to avoid the piece of concrete, he was unable to do so because there were vehicles traveling in the other lane. Claimant testified that he noticed a hole in the pavement and believed that another vehicle could have hit the hole, causing the piece of concrete to come out of the hole and onto the road surface. As a result of this incident, Claimant’s vehicle sustained damage to its right front tire and wheel in the amount of $681.74.
The position of the Respondent is that it did not have notice of the piece of concrete on 1-64. Ms. Charlene Pullen, 1-64 Supervisor for Respondent in Huntington, testified that she is familiar with the area where this incident occurred. TheDOFI 12s, records of Respondent’s daily work activities, indicate that Respondent had patched the holes on 1-64 with cold mix on December 21,2007, and Respondent patched the hole in question in response to an emergency call on December 29,2007.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, Claimant must establish by a preponderance of the evidence that Respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Pritt v. Dep’t. of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the present claim, Claimant has not established that Respondent failed to take adequate measures to protect the safety of the traveling public on Interstate 64. The Court finds that Respondent responded to this incident as soon as it was made aware of the problem. While the Court is sympathetic to the Claimant’s plight, the fact remains that there is no evidence of negligence on the part of Respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.